# Exhibit A

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| ANTOINE LAND, Individually, and on Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) ) | Case No. **10CH45840** |
| v. | ) ) | PLAINTIFFS' CLASS ACTION COMPLAINT |
| FRONTLINE COMMUNICATIONS, INC., GINA URSO, COMCAST CORPORATION and COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC | ) ) ) ) ) ) | (JURY TRIAL DEMANDED) |
| Defendants. | ) ) ) | |

## COMPLAINT

Plaintiff, ANTOINE LAND, individually and on behalf of all class members, by and through his counsel, Stephan Zouras, LLP, brings his claims as a class action pursuant to the Illinois Code of Civil Procedure, 735 ILCS §5/2-801 and §5/2-802 and in accordance with Illinois state wage and hour law against Defendants, and alleges, upon personal belief as to himself and his own acts, and as for all other matters upon information and belief, and based upon the investigation made by his counsel, as follows:

### PARTIES

1. Plaintiff Antoine Land is a resident of Cook County, Illinois and worked as a non-exempt technician for Defendants located in the State of Illinois, during the applicable statute of limitations period.

2. Plaintiff brings this case on behalf of himself and others who currently work, or who worked as a non-exempt technician or other positions performing similar responsibilities for the Defendants in the State of Illinois at any time during the

applicable statutory period immediately preceding the filing of the original complaint (hereinafter "Statutory Period").

3. Defendant Frontline Communications, Inc., ("Frontline") is an Illinois Corporation with its offices located in Chicago, Illinois.

4. Defendant Gina Urso ("Urso") is the President and owner of Frontline.

5. Defendants Comcast Corporation and Comcast Cable Communications Management, LLC ("Comcast") are providers of cable, entertainment and communications products and services in the state of Illinois.

6. Defendants are in the business of installing and servicing cable television services in the state of Illinois. Defendants Comcast Corporation and Comcast Cable Communications Management, LLC employed the services of Defendant, Frontline, on a contractual basis. Frontline, in turn, employed Plaintiff and class members, and classified them as independent contractors.

7. At all relevant times, Defendants were acting directly or indirectly in the interest of the employer in relation to the employee Plaintiffs and therefore are "employers" within the meaning of state and federal wage laws. Defendants are jointly and severally liable for the unpaid wages and other relief sought in this lawsuit. In support of Defendants' joint employer status, Plaintiff further states as follows:

    a. Comcast contracted Plaintiff's and class members' services through Frontline.

    b. Frontline exclusively received work orders from Comcast;

    c. Frontline, the Plaintiff and class members all performed similar duties and services as Comcast, in the same industry and core business;

    d. All customers serviced by Frontline are, first, customers of Comcast;

    e. Frontline's only contact with customers is through its contact and relationship with Comcast;

    f. Frontline vehicles have displayed signs, magnets and/or decals identifying Comcast;

    g. Plaintiff and class members wore uniforms featuring the Comcast name;

    h. Comcast provided Plaintiff and class members with Comcast identification badges; and,

    i. Comcast provided Frontline with necessary supplies and equipment to provide cable services to Comcast customers.

## FACTUAL BACKGROUND

8. Plaintiff was employed by Defendants as a technician.

9. Defendants managed Plaintiffs' work, including the amount of hours worked by their technicians. Defendants dictated, controlled and ratified the wage and hour and all related employee compensation policies.

10. Plaintiff and all class members were improperly classified by Defendants as independent contractors and were paid a piece rate contingent on the amount of installations and/or service calls completed by each technician. At all times, Defendants maintained supervisory authority over Plaintiff and all class members.

11. Based on information and belief, beginning in or around 2009, Comcast required Frontline to classify its technicians as employees and not as independent contractors.

12. Upon information and belief, beginning in or around 2009, technicians were re-classified by Defendants as non-exempt employees under Illinois state wage and hour laws and purportedly paid an hourly rate.

3

13. Upon information and belief, prior to 2009, Defendants did not pay taxes and contributions for Plaintiff and class members to the State of Illinois that were required for employees and not required for independent contractors.

14. Defendants improperly deducted monies from wages of Plaintiff and class members, including but not limited to charges for insurance, meter rental, phones, uniforms, tools and other equipment and work order errors/charge backs, amongst other things.

15. Defendants provided Plaintiff and class members with work orders through their phones via Technet on a daily basis. Technet is a Comcast routing system. Plaintiff and class members then traveled to the warehouse to pick up supplies and then to customers' homes to install or service cable television and other services and complete their work orders. At the end of each job, Plaintiff and class members were required to close out the job and inform Defendants that the job had been completed.

16. Defendants suffered and permitted Plaintiff and class members to regularly work more than 40 hours per week without proper overtime compensation. Plaintiff and class members routinely worked in excess of eight hours per day, five to six days per week.

17. Defendants failed to keep proper records of all time Plaintiff and class members worked for Defendants, in direct violation of Illinois and federal laws.

18. Defendants knew and were aware that at all times, Plaintiff and class members routinely worked more than 40 hours per week.

19. Defendants failed to pay Plaintiff and class members for all overtime hours actually worked at a rate of one and one half times the employee's regular hourly rate.

20. The conduct alleged above reduced Defendants' labor and payroll costs.

21. Plaintiff and class members were subject to Defendants' uniform policies and practices and were victims of Defendants' schemes to deprive them of overtime compensation and to reduce their wages through improper deductions. As a result of Defendants' improper and willful failure to pay Plaintiff in accordance with the requirements of Illinois and federal wage and hour laws, Plaintiff and class members suffered lost wage and other damages.

## CLASS ALLEGATIONS

22. Representative Plaintiff bring claims for relief on his own and as a class action pursuant to the Illinois Code of Civil Procedure, 735 ILCS §5/2-801 and §5/2-802. The class is defined as:

> "All individuals who are currently employed and classified as an independent contractor or were so employed and classified by one or more of the Defendants, its subsidiaries or affiliated companies, in the state of Illinois as technicians or other positions performing similar responsibilities for the Defendants at any time during the relevant statute of limitations period."

23. This action is properly maintainable as a class action under §2-801 because:

   a. The class is so numerous that joinder of all members is impracticable,

   b. There are questions of law or fact that are common to the class,

   c. The claims or defenses of the representative parties are typical of the claims or defenses of the class, and,

   d. The Representative Plaintiff will fairly and adequately protect the interests of the class.

### Numerosity

24. On information and belief, the total number of putative class members represents at least 50 individuals. The exact number of class members may be determined from Defendants' records.

### Commonality

25. There are numerous and substantial questions of law and fact common to members of the state classes including, but not limited to, the following:

   a. Whether Defendants failed to keep true and accurate time records for all hours worked by the class members;

   b. Whether Defendants failed to compensate class members for all the work they required, encouraged or permitted class members to perform;

   c. Whether Defendants improperly deducted wages from class members' pay for improper charges;

   d. Whether Defendants improperly classified class members as independent contractors;

   e. Whether Defendants failed to compensate class members for all work performed in excess of 40 hours per work week with overtime premium wages; and,

   f. Whether the Defendants willfully failed to comply with state wage and hour laws.

26. Plaintiffs anticipate that Defendants will raise defenses that are common to the class.

### Adequacy

27. The Representative Plaintiff will fairly and adequately protect the interests of the class. He has retained experienced counsel that are competent in the prosecution of complex litigation and who have experience acting as class counsel specifically in wage and hour litigation.

### Typicality

28. The claims asserted by the Representative Plaintiff are typical of the class members he seeks to represent. The Representative Plaintiff has the same interests and suffers from the same injuries as the class members.

29. Upon information and belief, there are no other class members who have an interest individually controlling the prosecution of his or her individual claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation against one's employer. However, if any such class member should become known, he or she can "opt out" of this action pursuant to Illinois Code of Civil Procedure, 735 ILCS §5/2-801 and §5/2-802.

### Superiority

30. A class action is superior to other available means for the fair and efficient adjudication of this controversy because the individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member may be relatively small, the expenses and burden of individual litigation would make it difficult for plaintiffs to bring individual claims. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants and/or substantially impair or impede the ability of class members to protect their interests.

### COUNT I
### VIOLATION OF ILLINOIS WAGE PAYMENT AND COLLECTION ACT
### (820 ILCS §§115 *et seq.*)

31. Plaintiff incorporates by reference all preceding paragraphs.

32. Plaintiff is a member of a class that meets the requirements for certification and maintenance of a class action pursuant to Illinois Code of Civil Procedure, 735 ILCS §5/2-801 and §5/2-802.

33. Section 2 of the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS §115/2, defines wages as "any compensation owed an employee by an employer pursuant to an employment contract or agreement between the 2 parties ..."

34. Section 4 of the IWPCA, 820 ILCS § 115/4, provides that every employer shall pay, "All wages earned by any employee during a weekly pay period shall be paid not later than 7 days after the end of the weekly pay period in which the wages were earned."

35. Section 5 of the IWPCA, 820 ILCS § 115/5, provides that, "Every employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee."

36. Defendants violated the IWPCA when they improperly deducted wages from Plaintiff and other class members' pay for improper charges.

37. Defendants violated the IWPCA by regularly and repeatedly failing to properly compensate Plaintiff and class members for the actual time they worked each week.

38. Defendants also willfully failed to pay overtime pay and other benefits to Plaintiff and class members.

39. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and class members have suffered and will continue to suffer lost wages and other damages.

40. Plaintiff and class members are also entitled to injunctive relief to prevent Defendants from continuing their violation of these statutory provisions and other appropriate class-wide injunctive relief for the Illinois state sub-class.

## COUNT II
## VIOLATION OF ILLINOIS MINIMUM WAGE LAW
## (820 ILCS §§105 *et seq.*)

41. Plaintiff incorporates by reference all preceding paragraphs.

42. Plaintiff is a member of a class that meets the requirements for certification and maintenance of a class action pursuant to Illinois Code of Civil Procedure, 735 ILCS §5/2-801 and §5/2-802.

43. Defendants are "employers" and Plaintiff and class members are "employees" under Illinois Minimum Wage Law ("IMWL"), 820 ILCS §§105 *et seq.*

44. The IMWL, 820 ILCS §§105 *et seq.*, requires employers to pay employees minimum wages for all hours worked. Section 105/4(a) of the IMWL requires employers to pay employees one and one half times their regular rate for all hours worked over forty (40) per work week. Section 105/12 of the IMWL provides that employers who violate the provisions of this act are liable to affected employees for unpaid wages, costs, attorney's fees, damages of 2% of the amount of any such underpayment for each month following the date of underpayments and other appropriate relief.

45. Defendants violated IMWL, 820 ILCS §§105 *et seq.*, by regularly and repeatedly failing to properly compensate Plaintiff and class members for the actual time they worked each week.

46. Defendants violated IMWL, 820 ILCS §105 *et seq.*, by failing to maintain accurate records of all hours worked by Plaintiff and class members.

9

47. Defendants also failed to pay overtime pay and other benefits to Plaintiff and class members.

48. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and class members have suffered and will continue to suffer lost wages and other damages.

49. Plaintiff and class members are also entitled to injunctive relief to prevent Defendants from continuing their violation of these statutory provisions and other appropriate class-wide injunctive relief.

## COUNT III
## UNJUST ENRICHMENT

50. Plaintiff incorporates by reference all preceding paragraphs.

51. The performance of work by Plaintiff and class members as set forth above conveyed a benefit to Defendants which it knowingly received.

52. Defendants are not entitled to these benefits without payment and to retain such benefits without payment would be unjust to named Plaintiff and class members. As a matter of equity, Defendants should not be allowed to prosper at the expense of Plaintiff and class members.

53. Plaintiff and class members are entitled to recover the reasonable value of the benefit conveyed to Defendants by Plaintiff's performance of work described herein.

## COUNT IV
## QUANTUM MERUIT

54. Plaintiff incorporates by reference all preceding paragraphs.

55. The performance of work by Plaintiff and class members as set forth above conveyed a benefit to Defendants which it knowingly received.

56. Plaintiff and class members are entitled to recover the reasonable value of the benefit conveyed to Defendants by Plaintiff's performance of work described herein.

## COUNT V
## BREACH OF IMPLIED CONTRACT

57. Plaintiff incorporates by reference all preceding paragraphs.

58. Defendants entered into an implied contract with Plaintiffs and class members to pay them wages for all work done and time spent for Defendants' benefit.

59. Defendants breached this implied contract by failing to pay Plaintiff and class members all the wages due for the benefits provided to Defendants.

60. Plaintiff and class members were all "at will" employees. The law implies that a contract for payment of wages existed by the very nature of the employee/employer relationship.

61. Defendants used a common scheme which caused Plaintiff and class members not to be paid for all work performed and other wages due. Defendants' common course of conduct constituted a breach of implied contract.

62. Plaintiff and class members were injured by Defendants' breach of implied contract to pay wages due.

63. Defendants' actions were intentional, willful, malicious and in reckless disregard for the rights of Plaintiff and class members.

## COUNT VI
## ILLINOIS EMPLOYEE CLASSIFICATION ACT
## 820 ILCS 185/1 *et seq*.

64. Plaintiff incorporates by reference all preceding paragraphs.

65. Plaintiff and all putative class members, as part of their normal work duties, performed improvement on real property by, among other things, installing permanent

cable through and within walls that is integrated into a system that is used for Comcast cable services.

66. Plaintiff and all putative class members perform work for Defendants that is not outside the usual course of services performed by Defendants.

67. The Plaintiff and all putative class members are not legitimate sole proprietors or partnership under 820 ILCS 185/10(c) because, among other things:

   a. They do not have a substantial investment of capital beyond ordinary tools and equipment;

   b. They do not make their services available to the general public;

   c. They do not perform services for Defendants under their own name, rather it is under the name of Comcast; and,

   d. They are represented as employees of Comcast to the customer.

68. Because Defendants treat Plaintiff and all putative class members as independent contractors:

   A. Defendants do not pay employer portion of Social Security and Medicare and do not pay unemployment taxes.

   B. Defendants do not pay overtime pay for hours worked in excess of 40 in a week.

   C. Defendants deduct expenses that are not recoverable from employees.

### COUNT VII
### FAIR LABOR STANDARDS ACT
### (29 U.S.C. 201 *et seq.*)

69. Individual Plaintiff Antoine Land incorporates by reference all preceding paragraphs.

70. Individual Plaintiff Antoine Land asserts claims for unpaid overtime pursuant to 29 U.S.C. 201 *et seq.*, commonly known as the Fair Labor Standards Act (hereinafter, "FLSA").

71. At any and all times relevant hereto, defendants were each an "enterprise engaged in commerce" within the meaning of Sec. 3(s) of the FLSA, 29 U.S.C. 203 (s).

72. At any and all times relevant hereto, defendants were each an "employer" within the meaning of Sec. 3(d), 29 U.S.C. 203(d).

73. At any and all times relevant hereto, individual Plaintiff was an "employee" as defined by Sec. 3(e) of the FLSA, 29 U.S.C. 203(e).

74. Individual Plaintiff was not paid for all hours worked in excess of 40 in a week in violation of the maximum hours provisions of the FLSA, to wit, 29 U.S.C. 207(a).

75. At all times relevant hereto the action of Defendants to not pay premium pay for all hours worked over 40 in a week was willful in that among other things:

    a. Defendants knew that the FLSA required it to pay time and one-half for all hours worked over 40 in a week; and,

    b. Defendants failed to maintain true and accurate records of all time worked by Plaintiff.

76. As a direct and proximate result thereof, Plaintiff is due unpaid back wages and liquidated damages, pursuant to 29 U.S.C. 216.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, ANTOINE LAND, individually and on behalf of all others similarly situated, by and through his attorneys, demand judgment against the Defendants and in favor of the Plaintiff and all class members, for a sum that will

properly, adequately and completely compensate Plaintiff and the putative class for the nature, extent and duration of their damages, the costs of this action and as follows:

    A.    Certify a class for Counts I, II, III, IV, V and VI of all individuals who are currently employed and classified as independent contractors or were so employed and classified by one or more of the Defendants, its subsidiaries or affiliated companies in the state of Illinois as technicians or other positions performing similar responsibilities for the Defendants at any time during the relevant statute of limitations or were treated as independent contractors by Defendants;

    B.    Appoint Stephan Zouras, LLP and Jac A. Cotiguala & Associates as class counsel for the Plaintiffs;

    C.    Declare and find that the Defendants committed one or more of the following acts:

        i. Violated provisions of the Illinois Wage Payment and Collection Act, 820 ILCS §115 *et seq.*, by withholding wages for improper charges;

        ii. Violated overtime provisions of the Illinois Wage Payment and Collection Act, 820 ILCS §115 *et seq.*, the Illinois Minimum Wage Law, 820 ILCS §105 *et seq.* by failing to pay overtime wages to Plaintiffs; and,

        iii. Willfully violated the Employee Classification Act, 820 ILCS 185/1 *et seq. by treating Plaintiffs as independent contractors.*

        iv. Willfully violated overtime provisions of the Fair Labor Standards Act with regards to claims brought by the named Plaintiff, Antoine Land.

    D.    Award compensatory damages, including all overtime pay owed and wrongful deductions made, in an amount according to proof;

    E.    Award 2% per month interest on all overtime compensation due accruing from the date such amounts were due until it is paid;

    F.    Award liquidated damages on all overtime compensation due to individual plaintiff in Count VI brought under the FLSA;

    G.    Award liquidated damages on the amount of wages, employment benefits and other compensation denied or lost by reason of the Employee Classification violation pursuant to 820 ILCS 185/60(1);

H. Compensatory damages and an amount up to $500.00 for each violation of the Employee Classification Act pursuant to 820 ILCS 185/60(2);

I. Award all costs and reasonable attorney's fees incurred prosecuting this claim pursuant to the Illinois Minimum Wage Act, the FLSA, and the Illinois Employee Classification Act;

J. Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and,

K. For such further relief as the Court deems just and equitable.

Respectfully submitted,

By: _____
One of Plaintiff's Attorneys

STEPHAN ZOURAS, LLP
Ryan F. Stephan
James B. Zouras
205 N. Michigan Avenue, Suite 2560
Chicago, Illinois 60601
312-233-1550
Attorney No. 43734

15